## Andy Ruston *v.* The State.

1. **Venue.** — See the opinion for evidence held sufficient to prove the venue in a trial for theft of a gelding.

2. **Evidence of Identification.** — In a trial for theft of a gelding, a State's witness could not recognize the prisoner as the man he had seen in possession of the animal, but stated that, as a witness in a previous trial, he had identified the person then accused as the man. The attorney for the State testified that the prisoner at the bar was the same person identified by the witness on the previous trial. *Held*, competent evidence, and sufficient to support the conviction.

Appeal from the District Court of Guadalupe. Tried below before the Hon. E. Lewis.

The opinion states the case.

*J. H. Burts* and *Henry Maney*, for the appellant.

*W. B. Dunham*, for the State.

Winkler, J. This is an appeal from judgment of con-

viction for theft of a gelding. A reversal of the judgment is here sought upon the following errors assigned:

" 1. The State failed to prove the venue.

" 2. The defendant was not identified as the person who sold the gelding to the witness Dick Johnson.

" 3. James Greenwood, the county attorney, should not have been permitted to testify.

" 4. The court erred in overruling defendant's motion for a new trial."

We are of opinion the venue was proved by the witness Joel Newton, when he says he was on his way in search of *the ponies*, and met Andy Ruston, and inquired of him if he had seen anything of them, and states his evasive reply that he had seen them on the prairie above witness' field, and had taken them to the Cibolo, but promised to bring them back; and by his testifying that " all this took place in Guadalupe County, in the state of Texas." This interview evidently led to the discovery of the property alleged to have been stolen.

The evidence is sufficient as to the identity of the defendant as the man who sold the horses to the witness Dick Johnson. True, Dick Johnson states in his testimony, on the defendant being pointed out to him in court, that " Defendant, Andy Ruston, does not look like the man who sold the horses to me;" that " Andy Jackson, the man who sold me the horses, was a thinner man, more spare-built," etc. Before this, this witness had testified that a man calling himself Andy Jackson had sold him the horses, and gave him a bill of sale for them. He said that he did not know Andy Jackson or the defendant; had never seen the man who sold him the horses before he bought the gelding.

This witness, however, stated further, as follows: " On the trial of this charge before the examining court, I swore that I was willing to swear that the man then in court was the man, and the man then in the examining court was the ·

VOL. IV. — 28

man who sold me said horses; but I do not now recognize the man. I did then swear that he was the man.'' Here the county attorney was sworn for the State, and testified '' that the defendant at the bar is the identical same man '' who was testified to, on the examining trial, by Dick Johnson as the man who sold him the gelding. It may be conceded that it was, to say the least of it, questionable whether that portion of the last witness' testimony as to what the witness Johnson had sworn before the examining court was strictly admissible, if it had been shown that the evidence had been reduced to writing, which does not appear from the record. Still, it was competent for the last witness to swear to the fact that the defendant was the same man who was identified as the man sworn to and identified on the examining trial as the person who had sold the gelding to the witness Dick Johnson.

This disposes of the first three errors assigned, and the questions raised by the appellant's only bill of exception. The effect of the introduction of the last witness was not to impeach another State's witness — though, in certain cases, this even is permissible (Pasc. Dig., art. 3133) — but was to supply a slight defect in the witness' memory.

There remains to be considered whether or not the court erred in refusing a new trial. The motion, beside the matters already disposed of, involves the correctness of the charge, and whether the evidence and the law supports the verdict, under the proofs adduced on the trial. As to the charge of the court, the crime of theft was correctly defined, and the questions as to the guilt or innocence of the accused, and the credibility of the witnesses, were fairly submitted to the jury, who were instructed, if they had any reasonable doubt of his guilt, they should acquit him. No special objection has been pointed out to the charge, and none is apparent. It was not excepted to at the trial, nor were any additional instructions asked. The evidence was

sufficient to support the finding of the jury, and for aught that has been shown, or that is apparent from the transcript, the appellant has been fairly tried and legally convicted. We find no error in overruling the motion for a new trial.

The judgment is affirmed.

*Affirmed.*